JOHN C. GLAS, Appellant, *v.* HERBERT AHLERS, Respondent.

Fourth Department, September 28, 1932.

*Robert P. Galloway* [*Glenn W. Woodin* of counsel], for the appellant.

*Harold J. Adams* [*Percy R. Smith* of counsel], for the respondent.

EDGCOMB, J. Giving the plaintiff the benefit of the most favorable inferences which may be drawn from the evidence, as we must on this appeal, the jury could have found the following facts:

On the morning of December 10, 1929, plaintiff was driving an automobile northerly on the Hamburg turnpike, a much-traveled highway leading from Woodlawn to Buffalo. At the same time defendant was operating a motor truck southerly on the same highway. When opposite the plant of the Bethlehem Steel Company the two vehicles collided. On the westerly side of the street are two car tracks. Ordinarily vehicular traffic uses the space between the easterly car track and the easterly curb of the street. On the day in question the highway was covered with two or three

feet of snow, and the automobiles had beaten three paths or lanes, one to the east of the car tracks, and two on the tracks. It was difficult, if not impossible, for a car to get out of these ruts, except at street intersections. The center and easterly lanes were close together, but far enough away so as to afford a clearance for two cars of ordinary width. Defendant's truck was equipped with double wheels in the rear, and required a wider space in which to travel than the ordinary automobile. At the time of the accident plaintiff was proceeding in the easterly path. Defendant chose to take the center lane, although there was no reason why he could not have taken the one on his right. The front of the two vehicles passed in safety, although the margin was slight, but, owing to the unusual width of defendant's truck in the rear, the two cars came together. Both were traveling around fifteen or twenty miles an hour. There was a large pile of snow near the easterly curb of the street, and plaintiff could not turn to his right or get out of the rut in which he was traveling. Had defendant taken the path to his extreme right, there would have been a clearance of at least eight feet between the two vehicles as they passed.

On this state of facts we think that a question of fact was presented upon both phases of the case which should have been passed upon by a jury.

The ordinary rule that when two cars are about to meet, each driver must keep to his right without regard to the center line of the highway (Vehicle and Traffic Law, § 82, subd. 5; since amd. by Laws of 1930, chap. 756), cannot be invoked in the instant case. Changed conditions alter rules, and the presence of the snow upon the pavement prevents a strict enforcement of this rule.

The lanes which the cars had made through the snow were only wide enough to accommodate one car. Defendant took and preempted the center path, the one nearest the center of the street. He could have taken the one to his right. Had he done so, he would have had no difficulty in obeying the law of the road, and this accident never would have happened. He was driving an unusually wide vehicle, and must have known that he required more space to pass a car coming in the opposite direction than was ordinarily required. He undoubtedly saw the condition of the road, and the close proximity of his path to the one on the east. He must have known that cars traveling north would in all probability use the easterly lane, and that a driver would have considerable difficulty in getting his car out of the rut in which he was traveling, if the occasion demanded.

Under all these circumstances, the jury could well have said that common prudence would require the defendant to take the

path to his right so that he could keep on his side of the highway, or that, having started in the center lane, and knowing that his truck was unusually wide in the rear, he should have used every reasonable effort to turn to his right when he met the plaintiff, or, if he was unable so to do, that he should have warned the plaintiff in some appropriate manner of the approaching danger. Defendant knew far better than the plaintiff the difference in width between the front and rear of his truck, and the extra space which he needed to clear a vehicle going in the opposite direction.

Plaintiff cannot be said to have been guilty of contributory negligence as a matter of law. This is not the ordinary case of a head-on collision. Plaintiff was in this rut and could not get out. He passed the front of defendant's truck in safety. Even if he had stopped he could not have avoided the collision, unless defendant had also stopped. The peculiar circumstances which existed at the time of the accident make the question of plaintiff's negligence one of fact.

We have reached the conclusion that the case should have been sent to the jury, and that the trial court erred in granting defendant's motion for a nonsuit.

All concur.

Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event.